NOT FOR PUBLICATION                                                                       [16]

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

_____
KEVIN BOHL,                                            :
                                                       :     Civil Action No. 03-5942 (FLW)
        Plaintiff,                                     :
                                                       :
        v.                                             :     **OPINION**
                                                       :
FEDERAL EXPRESS                                        :
CORPORATION,                                           :
                                                       :
        Defendant.                                     :
_____:

**APPEARANCES:**

For Plaintiff:
JOSEPH A. CARMEN
JOSEPH A. CARMEN, PA
43 KINGS HIGHWAY WEST
HADDONFIELD, NJ 08033

For Defendant:
CHRISTOPHER J. MORAN AND DARA P. NEWMAN
SIMON MORAN PC
1600 MARKET STREET
SUITE 2020
PHILADELPHIA, PA 19103

**WOLFSON, United States District Judge**

      This matter comes before the Court upon the motion for summary judgment filed by Defendant Federal Express Corporation ("Defendant" or "FedEx"). Plaintiff Kevin Bohl ("Plaintiff" or "Bohl"), a former FedEx courier, is suing FedEx for age discrimination pursuant to the New Jersey Law Against Discrimination ("NJLAD"), N.J.S.A. 10:5-1, et seq. The issues

1

before the Court are, (i) whether Plaintiff has produced evidence sufficient to convince a reasonable factfinder as to all of the elements of a prima facie case of discrimination, and if so, (ii) whether Defendant has produced evidence of a legitimate, non-discriminatory reason for terminating Plaintiff, and if so, (iii) whether Plaintiff has adequately rebutted Defendant's legitimate, nondiscriminatory reason for terminating him.  This Court has jurisdiction pursuant to 28 U.S.C. § 1332.  For the reasons set forth below, Defendant's motion for summary judgment is granted.

**I. BACKGROUND**

**A. Facts**

Plaintiff alleges in his Complaint that on or about November 4, 2003,[1] FedEx terminated his employment with the company as a courier "for alleged 'improper procedures.'" Compl. ¶ 1. He also alleges that Defendant's alleged reason for his termination, "the non-scanning of packages," was a "false" charge and a pretext for age discrimination in violation of the NJLAD. Id. ¶ 2.  Plaintiff asserts that he was actually terminated because he was one of the highest paid couriers and that FedEx was therefore trying to save on salary and benefits.   Deposition of Kevin Bohl, Transcript at 35-36, 52-56.

Plaintiff was forty one years old when he was terminated, and at his deposition he testified that he was replaced by Bartholome Masciulli ("Masciulli"), who was then thirty or thirty one years old.  Id. at 17-18.  According to Plaintiff's testimony at his deposition, one of his supervisors, Mark Reader ("Reader"),  a FedEx Manager, referred to "older" workers other than

---

[1] According to Defendant's records, it issued a termination letter to Plaintiff on November 4, 2002.

Plaintiff as "old farts" and "old fucks." Id. at 25-26.  Plaintiff also testifies that Reader made remarks regarding "younger guys doing more stops per hour and being able to actually do [Plaintiff's] route when [he] wasn't there and getting it done earlier than [him] and being more productive."  Id. at 23.  However, Plaintiff admits that Reader merely stated that certain drivers were more productive and that while those drivers happened to be younger, Reader never actually used the word "younger" when describing them or their performance.  Id. at 23-24.

According to Defendant's Statement of Undisputed Material Facts, during the year 2002, eleven FedEx packages disappeared from the WWD station, which covers the Marlton, New Jersey area.  Def.'s Statement of Undisputed Material Facts at 2.  As a result, Reader, FedEx Acting Senior Manager Michael Dochney and FedEx Security Specialists Jerry Laskowski and Joseph Sweeney conducted an investigation regarding the missing packages.  Id.  Specifically, they decided to search the vehicles of the three FedEx drivers who were working and/or present when the packages went missing, i.e. Joseph Reitano, Chris Campbell and Plaintiff.  Id.  The results of the investigation revealed that "the contents of the missing packages from the station were similar to the contents of the four packages that were scanned late in Plaintiff's truck on October 30, 2002."  Id. at 4.  Based on this investigation, on November 4, 2002, FedEx Acting Senior Manager Michael Dochney terminated Plaintiff for his violation of FedEx's Acceptable Conduct Policy.  Id. at 5.  Defendant has also produced evidence from its computer personnel information system ("PRISM") that Plaintiff was replaced by Cynthia Adams ("Adams"), who was thirty nine years old, and just two months shy of her fortieth birthday.  Id. at 6.

**B. Procedural History**

On October 28, 2003, Plaintiff filed his Complaint against FedEx in the Superior Court of

3

New Jersey, Law Division-Burlington County alleging that his termination by Defendant violated the NJLAD. FedEx filed a Notice of Removal on December 9, 2003, and the case was assigned to this Court on December 18, 2003. FedEx filed its Answer on January 29, 2004. Following the close of discovery on September 15, 2004, FedEx filed the instant motion for summary judgment on December 30, 2004.

## II.  DISCUSSION

### A.  Summary Judgment Standard

Summary judgment is appropriate where there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56; Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). To avoid summary judgment the non-moving party must "go beyond the pleadings and by her own affidavits, or by the 'depositions, answers to interrogatories, and admissions on file,' designate 'specific facts showing that there is a genuine issue for trial.'" Celotex Corp., 477 U.S. at 324. A genuine issue of material fact is one that will permit a reasonable jury to return a verdict for the nonmoving party. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). In evaluating the evidence, the Court must "view the inferences to be drawn from the underlying facts in the light most favorable to the [nonmoving] party." Curley v. Klem, 298 F.3d 271, 276-77 (3d Cir. 2002) (quoting Bartnicki v. Vopper, 200 F.3d 109, 114 (3d Cir. 1999)). Conclusory allegations do not meet the non-moving party's duty to set forth specific facts showing that a genuine issue of material fact exists and a reasonable factfinder could rule in its favor. Ridgewood Bd. of Ed. v. Stokley, 172 F.3d 238, 252 (3d Cir. 1999).

### B. New Jersey Law Against Discrimination

Enacted in 1945, the NJLAD guarantees that all citizens be afforded the civil rights promised by the State Constitution. Viscik v. Fowler Equip. Co., 800 A.2d 826, 832 (N.J. 2002). The LAD provides in pertinent part:

> It shall be unlawful employment practice, or, as the case may be, an unlawful discrimination:
> a. For an employer, because of the ... age, ... of any individual, ... to refuse to ... employ or to bar or to discharge or require to retire, unless justified by lawful considerations other than age, from employment such individual or to discriminate against such individual in compensation or in terms, conditions or privileges of employment ...
> N.J.S.A. 10:5-12(a).

The "overarching goal of the [NJLAD] is nothing less than the eradication 'of the cancer of discrimination.' " Fuchilla v. Layman, 537 A.2d 652, 660 (quoting Jackson v. Concord Co., 253 A.2d 793, 799 (N.J. 1969)), cert. denied, 488 U.S. 826 (N.J. 1988). Because of its remedial purpose, the NJLAD should be construed liberally to achieve its aims. Franek v. Tomahawk Lake Resort, 754 A.2d 1237, 1243 (N.J. App. Div. 2000). Nonetheless, the NJLAD prevents only unlawful discrimination; it does not prevent the termination or change of employment of any person who "is unable to perform adequately the duties of employment, nor [does it] preclude discrimination among individuals on the basis of competence, performance, conduct or any other reasonable standards." Viscik, 800 A.2d at 833 (quoting N.J.S.A. 10:5-2.1). Put another way, the NJLAD acknowledges the authority of employers to manage their own businesses. Id.

What makes an employer's personnel action unlawful is the employer's intent. Marzano v. Computer Sci. Corp., 91 F.3d 497, 507 (3d Cir.1996). Employment discrimination cases thus suffer from the difficulty that inheres in all state-of-mind cases--the difficulty of proving discriminatory intent through direct evidence, which is often unavailable. Id. at 499. "All courts

have recognized that the question facing triers of fact in discrimination cases is both sensitive and difficult.... There will seldom be 'eyewitness' testimony as to the employer's mental processes." U.S. Postal Serv. Bd. of Governors v. Aikens, 460 U.S. 711, 716 (1983). To be sure, there are occasionally cases involving the "proverbial 'smoking gun.' " Marzano, 91 F.3d at 507. However, a legal scheme against discrimination would have no teeth if the courts were to require such direct evidence of discrimination.  As the Third Circuit explained in Chipollini v. Spencer Gifts, Inc., 814 F.2d 893, 899 (3d Cir.1987)], "we do not require direct proof of ... discrimination because it is often unavailable or difficult to find.... 'Even an employer who knowingly discriminates on the basis of [protected status] may leave no written records revealing the forbidden motive and may communicate it orally to no one.' " 814 F.2d at 899 (citing LaMontagne v. American Convenience Products, Inc., 750 F.2d 1405, 1410 (7th Cir.1984)).

To address the difficulty of proving discriminatory intent,  New Jersey has adopted the procedural burden-shifting methodology articulated in McDonnell Douglas Corp. v. Green, 411 U.S. 792 (1973).  Zive v. Stanley Roberts, Inc., 867 A.2d 1133,1139 (N.J. 2005).  In a McDonnell Douglas case, "[a] plaintiff must first produce evidence sufficient to convince a reasonable factfinder as to all of the elements of a prima facie case of discrimination." Stanziale v. Jargowsky, 200 F.3d 101, 105 (3d Cir. 2000).

When a plaintiff alleges unlawful discharge based on age, the prima facie case requires proof that (i) the plaintiff was a member of the protected class, i.e., was 40 years of age or older (see 29 U.S.C. § 631(a)), (ii) that the plaintiff was discharged, (iii) that the plaintiff was qualified for the job, and (iv) that the plaintiff was replaced by a sufficiently younger person to create an inference of age discrimination. Keller v. Orix Credit Alliance, Inc., 130 F.3d 1101, 1108 (3d

Cir. 1997).  Under the McDonnell Douglas framework, once the plaintiff establishes a prima facie case, "the burden of production (but not the burden of persuasion) shifts to the defendant, who must then offer evidence that is sufficient, if believed, to support a finding that the defendant had a legitimate, nondiscriminatory reason for the adverse employment decision."  Stanziale, 200 F.3d at 105 (internal quotations omitted).

   Here, prongs (i) and (ii) of the prima facie case are not in dispute because Plaintiff was terminated when he was forty one years old.  However, Plaintiff has not produced evidence that he was qualified for the job in satisfaction of the third prong of the prima facie case.  According to Defendant, FedEx Acting Senior Manager Michael Dochney terminated Plaintiff for his violation of FedEx's Acceptable Conduct Policy on November 4, 2002.  Def.'s Statement of Undisputed Material Facts at 5.  Plaintiff offers nothing to suggest that he was in fact qualified for the position and had not violated the Acceptable Conduct Policy or that the investigation which uncovered that Plaintiff had scanned four missing packages in his truck was somehow flawed or inaccurate.  All that he offers is his own conclusory allegation in his Complaint that FedEx's reason for his termination, the "non-scanning of packages," is a "false" charge.  Compl. ¶ 2.  Such a bald allegation is simply insufficient.

   The fourth prong of the prima facie case requires that the plaintiff show that he was replaced by a sufficiently younger person, because an inference that an employment decision was based on an illegal discriminatory criterion cannot be drawn from the replacement of one worker with another worker who is insignificantly younger.  See O'Connor v. Consolidated Coin Caterers Corp., 517 U.S. 308, 312-313 (1996).  Defendant has offered the testimony of its Custodian of Records, who avers that according to FedEx's PRISM system, Plaintiff was

replaced by Adams, who was thirty nine years old, and only two months shy of her fortieth birthday. Decl. of Tracy Wheatley at 2. Thus, Adams, barely two years Plaintiff's junior, was not significantly younger than Plaintiff, and her replacement of Plaintiff cannot create an inference of age discrimination. Notwithstanding Defendant's evidence regarding Adams's replacement of Plaintiff, Plaintiff is hanging his hat on this prong by arguing without any foundation that Masciulli actually replaced him, and that the issue as to who replaced him is a genuine issue of material fact sufficient to survive summary judgment. Plaintiff's argument is unavailing.

To avoid summary judgment, Plaintiff must "go beyond the pleadings and by his own affidavits, or by the 'depositions, answers to interrogatories, and admissions on file,' designate 'specific facts showing that there is a genuine issue for trial.'" Celotex Corp., 477 U.S. at 324. Plaintiff offers only his own deposition testimony as evidence that he was replaced by Masciulli. However, the testimony fails to identify any foundation, source or factual basis for his belief that he was replaced by Masciulli and not Adams, a belief which contradicts the employment records provided by FedEx's PRISM system. While the Court must "view the inferences to be drawn from the underlying facts in the light most favorable" to Plaintiff, see Curley, 298 F.3d at 276-77, the Court need not credit a bald allegation when Plaintiff has not satisfied his duty to set forth specific facts showing that a genuine issue of material fact exists and a reasonable factfinder could rule in his favor, see Ridgewood Bd. of Ed.,172 F.3d at 252. Therefore, because Plaintiff has not satisfied the third and fourth prongs of the prima facie case and because he has not produced "evidence adequate to create an inference that an employment decision was based on a[n] [illegal] discriminatory criterion," see Teamsters v. United States, 431 U.S. 324, 358, 97

8

S.Ct. 1843, 1866, 52 L.Ed.2d 396 (1977), I find that Plaintiff has not produced evidence sufficient to convince a reasonable factfinder as to all of the elements of a prima facie case of discrimination under the NJLAD.² Even assuming, arguendo, that Plaintiff has established a prima facie NJLAD case, Defendant explains that Plaintiff was terminated because he violated FedEx's Acceptable Conduct Policy by scanning four missing packages in his truck, which is a legitimate, nondiscriminatory reason for terminating Plaintiff

By virtue of Defendant having put forth sufficient evidence that it had a legitimate, nondiscriminatory reason for terminating Plaintiff, to survive summary judgment Plaintiff must establish pretext by submitting "evidence from which a factfinder could reasonably either (1) disbelieve the employer's articulated legitimate reasons; or (2) believe that an invidious discriminatory reason was more likely than not a motivating or determinative cause of the employer's action." Stanziale, 200 F.3d at 105. To show pretext, the plaintiff must show "not merely that the employer's reason was wrong but that it was so plainly wrong that it cannot have been the employer's real reason." Keller, 130 F.3d at 1109. The plaintiff may do this by producing evidence of "inconsistencies and implausibilities in [Defendant's] proffered reason[]." Josey v. John R. Hollingsworth Corp., 996 F.2d 632, 638 (3d Cir. 1993).

Plaintiff has offered no evidence that reveals any inconsistencies and implausibilities in FedEx's reason for his termination, or that his scanning four missing packages in his truck and

---

²Defendant also argues that Plaintiff's NJLAD claim is preempted by the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. § 1148. Plaintiff has not pled any claims pursuant to ERISA, has never sought to amend his complaint to assert any such claims and did not even address Defendant's argument regarding ERISA preemption in his Opposition. It is not necessary in this opinion to consider Defendant's ERISA preemption arguments since the Court finds that Plaintiff cannot survive summary judgment on the merits of his NJLAD claim.

resulting violation of the Acceptable Conduct Policy could not possibly have been the employer's real reason.  Again, all that he offers is his own conclusory allegation in his Complaint that FedEx's reason for his termination was pretextual.  Therefore, I find that Plaintiff has failed to establish pretext.  Indeed, Plaintiff has not briefed the McDonnell Douglas burden shifting analysis and simply discusses the prima facie case.

      Plaintiff also argues, in effect, that a factfinder could reasonably believe that an invidious discriminatory reason was more likely than not a motivating or determinative cause of his termination because of alleged remarks made by one of his supervisors, Reader, regarding "younger guys doing more stops per hour and being able to actually do [Plaintiff's] route when [he] wasn't there and getting it done earlier than [him] and being more productive," and Reader's alleged references to "older" workers other than Plaintiff as "old farts" and "old fucks."  Deposition of Kevin Bohl, Transcript at 23, 25-26.  However, Plaintiff admits that Reader simply stated that certain drivers were more productive, and while those drivers happened to be younger, Reader never actually used the word "younger" when describing them or their performance.  Id. at 23-24.  It is Plaintiff who has placed that gloss on Reader's comments.  Indeed, Plaintiff conceded at his deposition that Reader made no specific age-related comments about these younger workers.  Id.  Moreover, according to the Third Circuit, "stray remarks by non-decision makers ... are inadequate to support an inference of discrimination by the employer." Gomez v. Allegheny Health Services, Inc., 71 F.3d 1079, 1085 (3d Cir. 1995).  While Reader was one of Plaintiff's supervisors, FedEx Acting Senior Manager Michael Dochney is the individual who terminated him for his violation of FedEx's Acceptable Conduct Policy.  Plaintiff fails to submit any evidence, other than the fact that Reader was one of his supervisors, that Reader was a

decisionmaker with regard to his termination.  Finally, Plaintiff's assertion that he was actually terminated because FedEx was trying to save money on salary and benefits does not state a claim for age discrimination.  See Hazen Paper Co. v. Biggins, 507 U.S. 604, 611-12 (1993).  Thus, I find that Plaintiff's evidence does not reasonably support an inference of discriminatory intent on the part of FedEx.  Therefore, because Plaintiff has failed to produce evidence sufficient to convince a reasonable factfinder as to all of the elements of a prima facie case of discrimination and has not adequately rebutted FedEx's legitimate, nondiscriminatory reason for terminating him, Defendant's motion for summary judgment is granted.

### III.  CONCLUSION

For the reasons stated above, Defendant's motion for summary judgment is granted.  An appropriate Order follows.  The case is now closed.

    /s/ Freda L. Wolfson  
Honorable Freda L. Wolfson  
United States District Judge

Dated: June   3  , 2005